IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DAVID FULTNER §
§
v. §
§ Case No. 2:14-CV-031-RSP
COMMISSIONER, SOCIAL §
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

On August 20, 2012, Administrative Law Judge Kelley Day issued a decision finding that Petitioner David Fultner was not disabled within the meaning of the Social Security Act from April 19, 2011 through the date of the decision. Mr. Fultner, who was 43 with a high school education and two years of college at that time, was found to be suffering from severe impairments consisting of nonischemic cardiomyopathy with history of congestive heart failure, hypertension and obesity. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least April 19, 2011. Before that time he had worked in the restaurant and hotel industry for 25 years, most recently as a general manager. He was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the July 3, 2012 hearing, the ALJ determined that Petitioner had the residual functional capacity to perform the full range of sedentary work, as defined in the Social Security Regulations, except for never climbing ladders, ropes or scaffolds, and only occasionally crawling, crouching, kneeling, stooping, balancing and climbing ramps or stairs. He also has to avoid unprotected heights and dangerous moving machinery and cannot have concentrated exposure to extreme heat or perform

1

jobs that require fast-paced production quotas. Based on the testimony of a vocational expert witness, the ALJ determined that Petitioner could perform the requirements of certain jobs that exist in substantial numbers in the national economy, such as surveillance systems monitor and envelope addresser. This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on November 15, 2013. Petitioner timely filed this action for judicial review seeking remand of the case for further proceedings.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises a single issue on this appeal:

The ALJ committed harmful legal error by failing to have a qualified psychologist or psychiatrist review the medical evidence, complete the mandatory PRT analysis, and

offer an opinion as to listing equivalence; moreover, the ALJ's decision itself does not conduct a PRT analysis. As such, the ALJ's decision is legally deficient as a matter of law, and cannot be affirmed.

The Petitioner's argument is based upon the premise that the ALJ found that Petitioner had medically determinable impairments of depression and anxiety, and yet failed to conduct an appropriate inquiry, including engagement of a psychologist or psychiatrist to review the case. However, a review of the ALJ's opinion shows that, while it is not a model of clarity, the ALJ did not find that the Petitioner's history of depression and anxiety had resulted in any medically determinable mental impairment. The regulations make clear that a "mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory finding, not only by your statement of symptoms." 20 C.F.R. §404.1508. The special techniques for evaluating mental impairments, set out in 20 C.F.R. §404.1520a, discussed by Petitioner in his Brief, only apply "If we determine that you have a medically determinable mental impairment … ."

After the ALJ found the physical impairments listed above, on page 3 of the opinion (Tr. at 15), she went on to note that "claimant alleges a history of depression and anxiety." She then discussed the records for the time period at issue, which actually found a lack of present depression and anxiety, a lack of any long history of treatment for depression, a lack of any finding of disability by a psychiatrist, and no suggestion that depression and anxiety caused more than a minimal functional limitation. (Tr. at 4).

These findings are understandable. The transcript of the hearing before the ALJ shows that Petitioner's counsel made no mention of depression or anxiety in explaining the claim. The Petitioner, in response to questions, testified that he had not sought any treatment or counseling, but was going to be referred for some medication for anxiety by his latest cardiologist. (Tr. at

3

50-51). He said his heart condition causes him stress from the worry and he takes Ativan about once a week to "calm me down." The record of the cardiologist, Dr. Boylan, from the week before the hearing, reports that the examination was "negative for depression" and that he was oriented to time, person and place and his mood was appropriate. (Tr. at 325). Neither anxiety nor depression was on the list of five conditions being treated. Thus, the Court finds no error in the determination by the ALJ that neither anxiety nor depression was established as a medically determinable impairment for Mr. Fultner.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 28th day of May, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE